# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# HELENA DIVISION

| | |
|---|---|
| DANIEL BOUDETTE,<br><br>    Plaintiff,<br><br>vs.<br><br>TAMMY OSKERSON, ADAM OWENS, GREGORY COSTANZA, GRANITE PEAK LAW, PLLC, AND UNKNOWN NAMED DEFENDANTS A-Z<br><br>    Defendants. | **CV-22-71-H-BMM-KLD**<br><br>**ORDER** |

Plaintiff Daniel Boudette ("Boudette"), appearing *pro se*, brought this action against Tammy Oskerson, Adam Owens, Gregory Constanza, Granite Peak Law, PLLC, and Unknown Named Defendants A-Z (collectively "Defendants"). Boudette alleges Defendants are engaged in an ongoing Racketeer Influenced and Corrupt Organizations Act ("RICO") scheme to take Boudette's real property located in Townsend, Montana. Boudette seeks treble damages for his monetary losses, pain, suffering, mental anguish, and expenses incurred from Defendants' actionable conduct as determined by a jury; injunctive and declaratory relief and money damages; an award of costs of this action; and attorney's fees. (Doc. 1 at 25.)

1

Boudette filed his Verified Complaint (Doc. 1) and a Motion for Temporary Restraining Order on August 9, 2022. (Doc. 2.) Boudette sought to enjoin Defendants' efforts to enforce a judgment lien against Boudette and prevent the September 7, 2022 Sheriff's Sale on Execution of his property. (Docs. 2 & 3.) The Court held a hearing on August 31, 2022. (Doc. 11.) Defendants were not present and Boudette presented no witnesses. (*Id.*) The Court denied Boudette's motion. (Doc. 16.)

Presently before the Court is Oskerson's motion to dismiss Boudette's Verified Complaint pursuant to Fed R. Civ P. 12(b)(1) and (12)(b)(6) filed on September 14, 2022. (Doc. 23.) Defendants Gregory Costanza, Adam Owens, and Granite Peak Law ("Granite Law Defendants") filed an Answer to the Verified Complaint on September 12, 2022. (Doc. 20.) Granite Law Defendants' Answer included eight affirmative defenses, including lack of subject matter jurisdiction and failure to state a claim. (Doc. 20 at 7–8.) Granite Law Defendants also moved to join Oskerson's Motion to Dismiss on September 19, 2022. (Doc. 33.)

Boudette filed a response to Oskerson's Motion (Doc. 29) and a Motion to Disqualify Oskerson's Counsel. (Doc. 26.) The Court addresses all motions below.

## BACKGROUND

The parties here have a long, litigious past. Daniel Boudette and Tammy Oskerson had two children, were married in 1994, but by 2009 had filed for

divorce and obtained a dissolution decree ("Decree") by an Arizona state court. (Doc. 1 at 2.) Boudette and Oskerson have been embroiled in litigation for the last 12 years related to the Decree. The Decree included an award of child support and a judgment in Oskerson's favor for $68,293.50 plus interest ("Judgment").

The Judgment corresponded to Oskerson's share of community funds Boudette used to purchase real property in Townsend, Montana ("Montana Property"). The Decree also included a lien on the Montana Property to secure the Judgment, and an award of child support. As of 2021, the Judgment had grown and exceeded $189,391.57. *In re Daniel Brian Boudette*, Adv. No. 20-02012-BPH, at 2 (Bankr. D. Mont. Sept. 24, 2021). After the Decree was entered and during the appeals process in the Arizona state courts, Boudette filed a Declaration of Homestead on the Montana Property in 2010. He then quitclaimed his interest to himself and his new spouse as joint tenants with right of survivorship and recorded the amended declaration in 2011.

Boudette unsuccessfully litigated the legitimacy and enforceability of the Decree and Judgment against him in Arizona and Montana before filing in this Court. Boudette also filed a voluntary Chapter 7 bankruptcy petition in the U.S. Bankruptcy Court for the District of Montana. All of these court ruled against Boudette. Boudette must pay the Judgment secured by a lien on the Montana Property after finding it was not discharged under his voluntary Chapter 7

bankruptcy petition filed in May 2020. *In re Daniel Brian Boudette*, Adv. No. 20-02012-BPH, at 8–10 (Bankr. D. Mont. Sept. 24, 2021). The Montana state court issued a Writ of Execution on July 25, 2022. (Doc. 6-1.) Oskerson filed a Notice of a Sheriff's Sale on Execution in the Montana state court on August 16, 2022. (*Id.*) The Montana Property was scheduled to be sold at the Sheriff's Sale on September 7, 2022. (*Id.*)

The Court held a hearing on Boudette's motion for a temporary restraining order to prevent the sale on August 31, 2022. (Doc. 11.) The Court denied Boudette's motion. (Doc. 16.)

## LEGAL STANDARD

### Motion to Dismiss 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion can challenge the sufficiency of the pleadings to establish jurisdiction (facial attack), or a lack of any factual support for subject matter jurisdiction despite the pleading's sufficiency (factual attack). *Grondal v. United States*, 2012 U.S. Dist. LEXIS 19398, at *11–13 (E.D. Wash. Feb. 16, 2012) (Quackenbush, J.). The court must accept as true all allegations when a defendant brings a facial attack. *Id.* For a factual attack, the court may consider

evidence outside the pleadings needed to resolve factual disputes as to jurisdiction. *Assoc. of Am. Med. Coll. v. United States*, 217 F.3d 770, 778 (9th Cir. 2000).

Plaintiffs have the burden of establishing jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Dismissals under Rule 12(b)(1) are proper "where the alleged claim under the Constitution or federal statutes . . . is wholly insubstantial and frivolous." *Bell v. Hood,* 327 U.S. 678, 682–83 (1946).

**Motion to Dismiss 12(b)(6)**

A complaint must allege "enough facts to state a claim to relief that is plausible on its face" to survive a Rule 12(b)(6) motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 8(a). A court must accept as true all well pleaded facts in the complaint and construe them in the light most favorable to plaintiffs. *Kopeikin v. Moonlight Basin Management, LLC*, 981 F. Supp. 2d 936, 938–39 (D. Mont. 2013). Rule 12(b)(6) does not require a court to accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.* (quoting *In re Gilead Sci. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008)). Dismissal for failure to state a claim under Rule 12(b)(6) proves proper if there is a lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable theory. *Hubbard v. Sheffield*, 2012 WL 2969434, *1 (D. Mont. July 20, 2012) (citing *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990)). A "complaint is insufficient if it provides only labels and

conclusions or a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

## ANALYSIS

Oskerson and Granite Law Defendants move this Court to dismiss Boudette's Verified Complaint pursuant to Fed R. Civ P. 12(b)(1) and (12)(b)(6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. (Doc. 23.) Granite Law Defendants separately filed an Answer to the Verified Complaint on September 12, 2022, which preserved these defenses, among others. (Doc. 20.) Oskerson subsequently filed the Motion to Dismiss on September 14, 2022. (Doc 23.) Boudette filed a response to Oskerson's Motion (Doc. 29) and also a Motion to Disqualify Oskerson's counsel, Gregory Costanza. (Doc. 26.)

I. Motion to Dismiss

**A. Lack of Subject Matter Jurisdiction – Fed. R. Civ. P. 12(b)(1)**

Boudette fails to plead a sufficient civil Racketeer Influenced and Corrupt Organizations Act ("RICO") claim to confer subject matter jurisdiction on this Court. The Complaint fails to address each element of a RICO claim, and there exists no direct causal link between the alleged predicate acts and the alleged harm.

Congress codified RICO at 18 U.S.C. § 1961, *et seq.*. RICO provides civil and criminal penalties for conduct performed as part of an ongoing criminal

organization. "The elements of a civil RICO claim are . . . (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as predicate acts) (5) causing injury to plaintiff's business or property." *Living Designs, Inc. v. E.I. Dupont de Nemours*, 431 F.3d 353, 361 (9th Cir.2005) (citing 18 U.S.C. § 1964(c), 1962(c)). To satisfy the causation element, Boudette must allege Defendants' violation was both the direct and the proximate cause of a concrete financial injury. *Resolution Trust Corp. v. Keating,* 186 F.3d 1110, 1117 (9th Cir. 1999).

Under Rule 9(b), all RICO claims involving fraud must be alleged with particularity, which requires the plaintiff to allege "the time, place, manner of each predicate act, the nature of the scheme involved, and the role of each defendant in the scheme." *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991). Rule 9(b) does not allow a plaintiff to combine multiple defendants together in the complaint. *Swartz v. KPMG LLP,* 476 F.3d 756, 764 (9th Cir. 2007). Plaintiffs must differentiate allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding that individual defendant's alleged participation in the fraud. *Id*. at 764–65.

Boudette's Complaint cannot withstand a facial attack. Boudette fails to allege the following elements and supporting facts required for a RICO claim: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as predicate acts) (5) causing injury to Plaintiff's business or property." *Living Designs,*

431 F.3d at 361. Boudette includes a formulaic recitation of his claim. He fails to provide facts, argument, and analysis to support these elements. For example, Boudette's analysis of "enterprise" consists of two statements in 26 pages: "it is further alleged that Granite Peak is a RICO enterprise" (Doc 1, ¶ 5) and "acting through Granite Peak, a RICO enterprise." These conclusory statements do not satisfy the "enterprise" requirements of the claim.

Boudette's analysis of the "pattern" element proves similarly deficient, and only appears as a label rather than part of an analysis. Further, the word "predicate" does not appear in the complaint at all. Finally, Boudette had suffered no injury by Oskerson's conduct at the time the Complaint was filed. The Montana Property had not yet been sold on August 9, 2022. Boudette's Complaint fails to withstand a facial attack. His assertion of subject matter jurisdiction cannot stand. *Grondal v. United States*, 2012 U.S. Dist. LEXIS 19398, at *11–13 (E.D. Wash. Feb. 16, 2012).

Further, Boudette's Complaint cannot stand against a factual attack because all the issues previously have been decided against him in final judgments on the merits. Boudette alleges a series of "false representations" made by Defendants as the pivotal acts that triggered a certain chain of events. This chai of events, in turn, ultimately threatened his Montana Property. Boudette's assertions run contrary to the facts underlying this dispute, as confirmed by the record. The Arizona state court, upheld on appeal, imposed the family obligations on Boudette. These

8

obligations include the judgment lien with interest and the right of foreclosure, and the child support award. (Doc. 24-2 Exhibit 1, 20.) The divorce decree specifically states Boudette's ownership interest in the Montana property remains "subject to the lien." (Doc. 24-2 Exhibit 1, 20–21.) Boudette's claims substantively fail because the pleadings are insufficient and the facts in his allegations are clearly contrary to the record. The Court grants Oskerson's Motion to Dismiss with prejudice.

### B. Failure to State a Claim 12(b)(6)

The Court need not address Oskerson's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) having determined that Boudette has failed to establish that this Court possesses subject matter jurisdiction to hear this case. Regardless, Boudette does not survive Defendants's motion to dismiss for failure to state a claim upon which relief can be granted. Boudette's Complaint does not plead sufficient facts to state a claim with facial plausibility. *Ashcroft v. Iqbal,* 556 U.S. 662, 678–79 (2009).

The Court construes the Complaint in the light most favorable to Boudette. Nothing requires the Court, however, to accept as true allegations that are conclusory, unwarranted deductions of fact, unreasonable inferences, formulaic recitations, or mere naked assertions. *See Resolution Trust Corp. v. Keating,* 186 F.3d at 1117. Boudette's Complaint recites a long list of facts and disjunctive allegations that fail to support the elements of a RICO claim. Rather than demonstrating how each element of his claim was supported by the facts, Boudette

9

lists "prior false representations" and incorporates facts solely through reference. This approach forces Defendants to locate which relevant operative facts support his RICO claims. This method of pleading fails to satisfy the *Iqbal* fair notice standard, and fundamentally fails to "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 678–79. Boudette's Complaint also fails to include a description of the predicate acts that comprise the illegal conduct. The Complaint lacks identification of the "enterprise," and instead asserts disjunctive labels and conclusions, formulaic recitations, and naked assertions. These pleadings prove insufficient to allege a RICO claim under *Iqbal* and fail to "plausibly give rise to an entitlement to relief." *Id*. at 679.

    The primary wrongdoing alleged in Boudette's Complaint consists of allegations that Oskerson made a series of false representations that enabled her to (1) obtain the Arizona judgment; (2) domesticate the judgment in Montana; (3) renew and extend that "expired judgment;" and (4) ultimately because Boudette filed a homestead declaration in 2010, the Montana Property is exempt from execution. None of these facts, alone or together, prove sufficient to give rise to an inference of misconduct by Oskerson when she seeks to enforce the domesticated Arizona Decree in Montana. Boudette vaguely alleges that Oskerson made "false representations" in the underlying Arizona divorce case. (Doc. 24-2 Exhibit 1.) Boudette further alleges that Oskerson or her counsel made these alleged

misrepresentations and took all of these actions to further a RICO scheme. These sweeping claims are wholly contrary to the rulings from all of the tribunals that have thus far adjudicated this dispute.

Boudette's conclusory analysis fails to address individually each required element of a RICO violation. Boudette's RICO claim consists of his conclusory statement that "the conduct of Defendants constitutes an ongoing pattern of racketeering activity." (Doc. 1, ¶ 48). Boudette provides no analysis of the particulars of each party's conduct, how the conduct could be considered a pattern of activity, how the conduct connects to an enterprise, how the enterprise is defined under RICO, and how he was causally injured by any such conduct. Boudette claims that "Defendants have committed multiple violations of 18 U.S.C. §§ 1341 and 1343 in furtherance of their scheme to obtain Boudette's money or property through false representations during the past ten (10) years; and, all of Defendants' acts constituting a racketeering activity have occurred within the past four (4) years." (*Id.*) This general conclusory "catch all" proves insufficient to plead RICO elements and fails to state a claim for which relief may be granted. The Court grants Oskerson's Motion to Dismiss with prejudice.

## II.  Motion to Disqualify Defendant's Counsel

The Court need not address Boudette's Motion to Disqualify having determined that Boudette has failed to establish that this Court possesses subject

11

matter jurisdiction to hear this case and has failed to state a claim upon which relief can be granted. Boudette's Motion to Disqualify Oskerson's counsel is dismissed as moot.

## ORDER

Accordingly, IT IS HEREBY ORDERED:

1. Oskerson's Motion to Dismiss (Doc. 23) is **GRANTED**.

2. Boudette's Motion to Disqualify Counsel (Doc. 26) is **DENIED**.

3. Boudette's Verified Complaint (Doc. 1) is **DISMISSED** with prejudice.

4. The Clerk of Court is directed to enter judgment accordingly.

Dated the 27th day of October, 2022.

Brian Morris, Chief District Judge
United States District Court